## ABIAL PLATT *vs.* SOCRATES SQUIRE.

If a mortgagee of land represents to a third person that the debt, which his mortgage was given to secure, is paid or satisfied, and that nothing is due on the mortgage, and such person, by reason of that representation, relinquishes an attachment of the mortgagor's goods, and takes a mortgage of the same land, to secure the debt, which he had previously secured by the attachment, the last mortgage, as between the two mortgagees, will take priority of the first, although the first was on record when such representation was made.

P. was assignee of the first mortgage of land, and also held a second mortgage thereof, and P. and B. were assignees of a subsequent mortgage of part of the land: S. had a still later mortgage of the whole of the land; and P. brought a bill in equity against S. to redeem the land, and therein truly stated his title. *Held*, that S. could not successfully object to P.'s bill, that B. was not joined therein as plaintiff.

BILL IN EQUITY, filed on the 12th of January 1846, to redeem a tract of land in Lanesborough.

The bill alleged that Henry W. Brown, on the 4th of May 1836, conveyed the land in question to Joseph Presby, by a deed of mortgage, to secure payment of $500: That said Brown, on the 21st of April 1838, conveyed the same land to the plaintiff, by a deed of mortgage, to secure payment of the sum of $400, which is still unpaid: That said Brown, on the 12th of July 1841, sold and conveyed a part of the same land to Jehiel Stewart, who, on the same day, mortgaged the same to said Brown, to secure payment of $200; and said Brown assigned that mortgage, on the 2d of March 1842, to the plaintiff and Asahel Buck, jr. for a valuable consideration: That said Presby, in 1842, brought a suit to foreclose his mortgage aforesaid; and at the October term of the court of common pleas, in that year, judgment was rendered in favor of said Presby, against said Brown, for possession, and the sum of $610 was found due on that mortgage: That possession of said mortgaged premises was taken by said Presby, on the 16th of January 1843; and that, on the 20th of April 1843, said Presby assigned his mortgage to the defendant.

The bill further alleged that said Brown was declared a bankrupt in 1843, and that his right to redeem said land was sold, by his assignee, to the defendant, and conveyed to him

by a deed dated January 5th 1844: That the defendant has been in possession, receiving the rents and profits, since June 16th 1843; and that the sum of $735 was tendered by the plaintiff to the defendant, on the 12th of January 1846, as the amount due on said mortgage: That on the 5th of January 1846, the plaintiff requested the defendant to render a true account of the rents and profits, which the defendant neglected to do.

The prayer of the bill was, that the defendant might be let in to redeem, &c.

The *answer* of the defendant admitted that said Henry W. Brown, on the 4th of May 1836, was seized in fee of the land described in the bill, and conveyed the same, in mortgage, to Joseph Presby, to secure payment of $500 in six months, with interest: That said Presby recovered judgment for possession, took possession, and assigned said mortgage and judgment to the defendant, as alleged in the bill: That the assignee of said Brown conveyed his right in equity to the defendant; and that the plaintiff requested the defendant to render an account of the money due on the mortgage, as alleged in the bill. And the defendant averred that he did render an account, as requested, on the 9th of January 1846; and he annexed a copy thereof to his answer.

The defendant further averred that said Brown, on the 19th of November 1841, made a second mortgage to said Presby of the same land that was conveyed by the first mortgage, except a small portion which said Brown had conveyed to Jehiel Stewart on the 12th of July 1841; which second mortgage was with a condition that said Brown should pay to said Presby the sum of $112·32 on the 1st of April 1842, and interest; on which mortgage said Presby commenced a suit against said Brown, and recovered judgment for possession of said mortgaged premises, at the October term of the court of common pleas in 1842, at which time there was found due on said mortgage, by the court, the sum of $118·96; and the costs of suit were $5·99; upon which judgment execution duly issued, and said Presby was put in possession

of said premises on the 16th of January 1843, and on the 20th of April 1843, said Presby assigned said mortgage and judgment to the defendant, and the defendant, on the same day, entered into possession of said mortgaged premises, and has remained in possession ever since: That by virtue of said two mortgages and said assignments thereof, and the proceedings thereon, the defendant has had lawful and peaceable possession of the said premises ever since April 20th 1843; and that, by virtue of the same, and of said Brown's right in equity of redeeming the same, the defendant had become seized, in his demesne as of fee, of a good and indefeasible title, in fee simple, to said premises.

The defendant denied that the plaintiff had any such mortgage as he pretends to set up; and he averred that if ever any such mortgage was given, or if there ever was any thing due on it nothing was due at the time of the filing of the plaintiff's bill; and he denied that the plaintiff had any right whatever in the premises, or to redeem the same, and averred that the plaintiff's mortgage deed, if any, was wholly void, as against the defendant.

The defendant further stated, in his answer, that on said 19th of November 1841, when Brown made said second mortgage to Presby, Brown was indebted to Presby, who commenced a suit against him for the recovery of his debt, and attached property of Brown; and Brown proposed to stop the suit and secure the debt by a mortgage on said premises; and then and there alleged to Presby, that there was no incumbrance or claim upon the land, except the mortgage then held by said Presby; and on the same day, said Brown was inquired of, if said Platt (the plaintiff) did not hold a mortgage, and said Brown replied that Platt's mortgage was paid, and that nothing was due on it; and said Presby, in order to be assured of the fact, and to know whether he could discharge his said suit, and secure his debt by a mortgage, directed his attorney to see the plaintiff, and ascertain from him whether said mortgage, so made to him by said Brown, was a valid mortgage, or had been paid, if

ever of any force ; and said Presby's attorney put the question directly to said Platt, (the plaintiff,) if any thing was due to him from said Brown, on Brown's mortgage to him, and he said he supposed not ; and said attorney then further told said Platt that he wished to know accurately how the matter stood ; for Presby had sued Brown, and had got some security by attachment, and Brown had proposed to secure him by a mortgage of the premises, and had told him there was nothing due to Platt ; and that if such was the fact, he was willing to stop the suit and take the mortgage, but not otherwise ; and that said Platt replied to said attorney, either that the debt was paid, or that he had no claim on the land ; all which said attorney related to said Presby, who, confiding in the truth of the statements made by said Brown and said Platt, stopped his said suit, and took the said mortgage, on said 19th of November 1841.

The defendant further alleged, in his answer, that on the 20th of April 1843, when Presby assigned said two mortgages to him, he inquired of Presby concerning said mortgage to the plaintiff, and Presby informed the defendant that the plaintiff never would claim any thing by virtue of his mortgage, and requested his said attorney to state to the defendant what was before said by said Brown, and by the plaintiff, at the time of giving the second mortgage to Presby ; and said attorney then related to the defendant the conversation above mentioned ; and the defendant, confiding in the truth of the same, and not knowing the contrary, purchased of Presby the said two mortgages, and paid a full consideration therefor.

The plaintiff's *replication* averred that, on and before the 19th of November 1841, said Presby well knew that the plaintiff had a good and valid mortgage on the premises in said bill and answer described and alluded to as the premises covered by said Presby's first mortgage from said Brown, then in full force and unsatisfied ; and that, on and before April 19th 1843, the defendant well knew that the plaintiff

had a good, valid, and sufficient mortgage on said premises, then in full force and unsatisfied ; without this, &c.

The plaintiff also moved to be allowed to amend his bill, if necessary, by making Asahel Buck, jr. (one of the assignees of the mortgage made by Jehiel Stewart to the said Brown) a party to the bill.

At the last May term, the following issues were framed for the jury, by order of the court :

" And now the said Squire comes and says, that said Platt ought not to be permitted to redeem the mortgage given by Henry W. Brown to Joseph Presby on the 4th of May 1836, and set forth in said Platt's bill : 1st. Because he says that the mortgage, made by said Brown to said Platt, of the same premises, on the 28th of April 1838, and also set forth in the plaintiff's bill, is void ; the same having been made without any consideration, and to hinder, delay and defraud creditors, and subsequent *bona fide* purchasers. 2d. Because the mortgage to said Platt has been paid, and there is nothing due on it. 3d. Because on the 19th of November 1841, the said Brown made a second mortgage of the same premises, to said Presby, to secure a debt of $112·32, for the recovery of which said Presby had commenced a suit against said Brown, and attached property ; and said Presby, by the representations and declarations of said Platt, and of said Brown, to which representations of said Brown said Platt was knowing and consenting, viz. that said Platt had no claim on the land, that his debt was paid or satisfied, and nothing due on his mortgage, as more particularly set forth in the defendant's answer, the said Presby was induced to, and did, discharge his suit and attachment, and take a note payable at a future time, and secured by said second mortgage. 4th. Because, on the 20th of April 1843, the said Presby assigned his said two mortgages, so given him by said Brown, to the said Squire, for a valuable consideration paid him by said Squire, at which time the declarations and representations so made by said Platt and Brown were stated and reported to said

Squire, and he, in consequence of such representations and declarations, purchased the same, and paid the full value thereof, as is fully set forth in his answer. And this he prays may be inquired of by the country. By H. Byington, his attorney. And the plaintiff doth the like. By his attorneys, Rockwell and Colt."

The verdict of the jury was as follows : "In this case, the jury find that the mortgage deed made by Henry W. Brown to Abial Platt, set forth in the plaintiff's bill, is not void as against the creditors and subsequent *bona fide* purchasers of the said Brown. And the said jury further find, that said Joseph Presby, by the representations and declarations of said Platt, and of said Brown, to which representations of said Brown said Platt was knowing and consenting, viz. that said Platt had no claim on the land, that his debt was paid or satisfied, and nothing due on his mortgage, as particularly set forth in the defendant's answer, the said Presby was induced to, and did, discharge his suit and attachment, and take a note for his debt, from said Brown, payable at a future time, and secured by said second mortgage. And the jury further find, that on the 20th of April 1843, the said Presby assigned his said two mortgages, so given him by said Brown, to said Squire, for a valuable consideration paid by said Squire ; at which time the declarations and representations, so made by said Platt and Brown to said Presby, at the time he took his second mortgage, were stated and reported to said Squire."

*Rockwell & Colt,* for the plaintiff.

*Byington,* for the defendant.

DEWEY, J. Upon the facts disclosed in the present case, there can be no doubt that the mortgage to the plaintiff, of April 21st 1838, must be postponed, so as to let in the subsequent mortgage to Presby, of November 19th 1841. The finding of the jury as to the representations of Platt, "that he had no claim on the land, that his debt was paid or satisfied, and nothing was due on his mortgage, as set forth in the defendant's answer," and that said Presby, by reason of such

representations, was induced to discharge his attachment, and receive his mortgage of November 19th 1841, brings the case clearly within the principles of *Fay* v. *Valentine*, 12 Pick. 40, and the cases there cited. A more recent application of similar principles to personal property may be found in *Dewey* v. *Field*, 4 Met. 381. The party who makes representations of this character, calculated to mislead, and which have, in fact, induced another person to alter his condition, as by advancing money, releasing other security, and the like, is estopped from disputing their truth with respect to that person, and those claiming under him, and that transaction. *Heane* v. *Rogers*, 9 Barn. & Cres. 586. Nor is it any objection, that the title of Platt was by a recorded deed. It is true, that title by mortgage deed cannot be released by parol. But although the legal title might exist, as a paper title, the party may not be able to enforce it, or render it effectual. This species of defence, when offered to control written convey- · ances or title deeds, is no more obnoxious to the objection of permitting oral evidence to control written, than exists in the ordinary cases of setting aside conveyances for fraud, upon oral proof. The defendant, through Presby, has therefore the mortgage of November 19th 1841, charged upon the land sought to be redeemed, and this mortgage takes priority of the plaintiff's mortgage of April 21st 1838.

The plaintiff, however, interposes another title, having, to a certain extent, priority of the defendant's mortgage of November 19th 1841. Jehiel Stewart, having title to a por-tion of the same premises that are embraced in the mortgages held by the defendant, executed his mortgage deed to Henry W. Brown, on the 12th of July 1841, to secure the payment of $200, which mortgage Brown, on the 2d of March 1842, assigned to the plaintiff and Asahel Buck, jr. This mort-gage, being of a prior date to the second mortgage of the defendant, takes precedence of it, and, as to so much of the land as is embraced in it, will give the plaintiff the right of redemption of the defendant's first mortgage. Some diffi-culty might arise, as to the mode of effecting this object ;

but as we understand that the defendant consents that if the right exists to maintain this bill, a redemption may take place of the land embraced in the mortgage of Jehiel Stewart, upon the plaintiff's paying such proportion of the demand secured by the mortgage, as the value of the tract thus included bears to the value of the whole land embraced in the first mortgage, that mode may be adopted, and will do equity between the parties.

It was objected, on the part of the defendant, that the bill could not be maintained for this purpose, inasmuch as the plaintiff is not sole assignee of the Stewart mortgage, but holds it jointly with Buck. There is no objection as to the manner of the stating of this title in the bill, as it is truly stated, and according to the facts. But the doubt is, whether the plaintiff, being a joint assignee of this second mortgage, can bring a bill, in his individual name, to redeem the prior mortgage, without joining Buck. We perceive no reason why the defendant should avail himself of this objection. The plaintiff has a legal interest, as assignee of that mortgage, although not the entire interest. His redemption will enure to the benefit of all his cotenants. He can only redeem by payment of all claims of the defendant under the prior mortgage, to the same extent as would have been paid if Buck were a party to the bill; and therefore the defendant can sustain no injury.